# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESSE BUSK and LAURIE CASTRO, individually and on behalf of all others similarly situated;<br><br>    Plaintiffs,<br><br>vs.<br><br>INTEGRITY STAFFING SOLUTIONS INC., and DOES no. 1 through 50, inclusive,<br><br>    Defendant. | Case No.: 2:10-cv-01854-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#16) |

      Before the Court is Defendant Integrity Staffing Solutions' ("Integrity") **Motion to Dismiss Plaintiffs' First Amended Complaint** (#16, filed Jan. 18, 2011). The Court has also considered Plaintiffs Jesse Busk and Laurie Castro's Opposition (#17, filed Feb. 4, 2011), and Integrity's Reply (#18, filed Feb. 14).

## BACKGROUND

      This case arises out of Plaintiffs' allegations that Integrity violated several state and federal statutes by withholding wages from Plaintiffs and other Integrity employees whom Plaintiffs allege are a class of similarly situated individuals. Defendant Integrity sub-contracts

1

hourly employees in warehouses throughout the United States.  Plaintiffs are former employees of Integrity.  Plaintiffs describe themselves as warehouse employees who fulfilled orders made by Amazon.com customers.  (Dkt. #11, Am. Compl. ¶ 13.)  Plaintiffs allege that they and other Integrity employees were routinely required to participate in security check activities while "off-the-clock."  Plaintiffs contend that they were not properly compensated for these security checks, which could last up to 25 minutes after their shift.  Plaintiffs further allege that they and other Integrity employees were not properly compensated for up to one-third of their 30-minute meal period.  Specifically, they claim they were required to walk long distances to clock out and clock back in, which allegedly diminished their meal period by as much as 10 minutes (five minutes each way).  Plaintiffs bring this class action suit against Integrity to recover unpaid wages and overtime, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–216, and Nevada labor law, NRS §§ 608.018, 608.019, and 608.030.

Plaintiffs filed their original Complaint (#1) on October 22, 2010.  Integrity filed a Motion to Dismiss (#6) and Plaintiffs subsequently filed a Notice of Non- Opposition (#8) informing Integrity that an amended complaint would be filed.  Plaintiffs filed the Amended Complaint (#11) on December 15, prior to the Court's dismissal of the original complaint on January 7, 2011.  (Dkt. #15, Order.)  Integrity has now filed a second motion to dismiss.  For the reasons discussed below, the Court grants Integrity's motion.

## DISCUSSION

**I.    Motion to Dismiss the First Amended Complaint**

**A.    Legal Standards**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

2

recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.    Analysis**

Integrity raises four arguments in its motion. First, Integrity argues that Plaintiffs consented to dismissal of the first amended complaint. Second, Integrity asserts that Plaintiffs' claims seeking class treatment under state labor law are preempted by their class claims asserted under the FLSA. Third, Integrity argues that Plaintiffs' individual claims under state labor law are invalid because the statutes lack a private right of action. Finally, Integrity contends that Plaintiffs failed to state a claim in their first, second, and sixth causes of action under Nevada labor laws. The Court will address the propriety of each argument individually.

///

### 1. Consent to Dismissal of the First Amended Complaint

A party may amend a pleading once "as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). However, if the pleading is one to which a responsive pleading is required or a motion brought under Rule 12(b), (e), or (f), then within 21 days after service of the responsive pleading or Rule 12 motion, whichever occurs earlier. Fed. R. Civ. P. 15(a)(1)(B). After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). The court has discretion to grant leave and should freely do so "when justice so requires." *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Integrity argues that the amended complaint should be dismissed because the Court dismissed the original complaint and Integrity presumed the dismissal to be with prejudice. However, the Court's Order (#6) dismissing the original complaint was issued after Plaintiffs filed the amended complaint and did not indicate that the dismissal was with prejudice. The Court, therefore, allowed Plaintiffs' amended complaint to proceed. Furthermore, as Plaintiffs correctly point out, Rule 15(a)(1)(B) gives a party 21 days after an opposing party files a Rule 12(b) motion to amend a pleading as a matter of course. Thus, Plaintiffs were allowed to amend as a matter of course. Accordingly, this argument for dismissal fails.

### 2. Class Action Claims Under State Labor Law

The FLSA states, "[n]o employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). This so-called "opt-in" mechanism is used for FLSA collective actions and requires class members to affirmatively consent to be included in the litigation. Conversely, Rule 23 of the Federal Rules of Civil Procedure governing traditional class action suits states, "the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v). This "opt-out" provision requires class members to affirmatively opt-out of the class or be bound by the resulting litigation. As a result, the FLSA and Rule 23

appear to have conflicting mechanisms for class membership. *Fetrow-Fix v. Harrah's Entm't, Inc.*, No. 2:10-cv-00560-RLH-PAL, 2010 WL 4774255 (D. Nev. Nov. 16, 2010), *reconsideration denied*, 2011 WL 2313650, June 9, 2011. This Court and others have held that state law class claims which are predicated on the same acts and circumstances as a simultaneously asserted FLSA claim collective action must be dismissed due to the conflicting "opting" mechanisms.[1]

Here, Plaintiffs have asserted state class claims and FLSA class claims arising out of the same acts and circumstances. Integrity argues that Plaintiffs' state class claims are preempted by the FLSA because of the conflicting mechanisms. In opposition, Plaintiffs rely on a decision by the Honorable Gloria M. Navarro to grant a motion for reconsideration in *Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-cv-00604-GMN-RJJ, 2010 U.S. Dist. LEXIS 135113 (D. Nev. Dec. 7, 2010), where Judge Navarro allowed the *Daprizio* plaintiffs to proceed with conflicting class mechanisms. Plaintiffs ask the Court to follow Judge Navarro's lead and find their two class mechanisms compatible. Although Plaintiffs may have some similar circumstances to the plaintiffs in *Daprizio*, that decision is not binding on this Court. Furthermore, the Court finds Plaintiffs' analogous arguments for proceeding with conflicting class mechanisms unpersuasive. Accordingly, the Court dismisses the state class claims.

### 3. Plaintiffs' FLSA claims and the Portal-to-Portal Act

The FLSA guarantees covered employees a minimum hourly wage for their work and entitles them to one and one-half times their regular wage for overtime. 29 U.S.C. §§ 206, 207. A recurrent question under the FLSA has been when the compensable workday begins and ends. The question often arises where employees perform some tasks before productive work

---

[1] *Williams v. Trendwest Resorts, Inc.*, No. 2:05-cv-0605-RCJ-LRL, 2007 U.S. Dist LEXIS 62396, at *10–12 (D. Nev. Aug. 20, 2007) ("the class action mechanisms of the FLSA and Rule 23 are incompatible."); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 469–70 (N.D. Cal. 2004) (finding that Congress' intent to have FLSA plaintiffs opt-in would be thwarted if plaintiffs could include unnamed parties through state statutes with only opt-out requirements); *Otto v. Pocono Health System*, 457 F. Supp. 2d 522 (M.D. Pa. 2006).

begins or after it ends." *Sepulveda v. Allen Family Foods, Inc.*, 591 F.3d 209, 217–18 (4th Cir. 2009) (discussing the FLSA's history and the legislation that limited expansive interpretation).

Congress passed the Portal-to-Portal Act (the "Act"), 29 U.S.C. §§ 251–62, in 1947 amending the FLSA. *Id.* The Act provides that employers shall not be subject to liability or punishment under the FLSA for failing to pay an employee minimum wages or overtime compensation for preliminary or postliminary activities such as walking, riding, or traveling to and from the place of performance of the principle activities. 29 U.S.C. § 254(a). Principal activities are defined as those "which the employee is employed to perform." 29 C.F.R. § 790.8(a). The phrase 'preliminary activity' means an activity engaged in by an employee before he commences his 'principal' activity or activities, and the words 'postliminary activity' means an activity engaged in by an employee after he completes his 'principal' activity or activities." 29 C.F.R. § 790.7(b). "Under this provision, activities like changing clothes and washing which are performed before or after the regular work shift are 'ordinarily' considered preliminary or postliminary activities and are therefore 'excluded from compensable work time' by default." *Sepulveda*, 591 F.3d at 213 (citing *Steiner v. Mitchell*, 350 U.S. 247, 249 (1956)).

As a result, to state a valid claim against an employer for a FLSA violation, a plaintiff must allege that he was not compensated for activities that were "an integral and indispensable part of the principal activities for which [he is] employed." *Rutti v. Lojack Corp. Inc.*, 596 F.3d 1046, 1055 (9th Cir. 2010) (citing *Lindow v. United States*, 738 F.2d 1057, 1060 (9th Cir. 1984)). Courts must give "principal activities" a liberal construction no matter when the work is performed and must also consider "the extent to which the work impacts the employee's freedom to engage in other activities." *Id.* (citation omitted); *see also* 29 C.F.R. § 790.8(a). To determine that an activity is "integral and indispensable," and therefore compensable, a court must conclude that the activity is performed as part of the employee's regular work in the ordinary course of business—not that the activity in question is uniquely related to the predominant business activity. *Id.* at 1056.

AO 72
(Rev. 8/82)

### a. Security Screening

Waiting time generally does not qualify as integral and indispensable. *See* 29 C.F.R. § 790.7(g) (stating that "when performed under the conditions normally present," "checking in and out and waiting in line to do so" are considered non-compensable preliminary or postliminary activities). As the Supreme Court has distinguished, "the fact that certain preshift activities are necessary for employees to engage in their principal activities does not mean that those preshift activities are integral and indispensable to a principal activity." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 40 (2005) (internal citation omitted).

Integrity contends that the time Plaintiffs' allegedly spent waiting in line for post-work security screenings is not actionable under the FLSA because this activity is not integral and indispensable to their principal activities of employment. Plaintiffs allege that this was a principle activity because this exercise was a daily requirement and took a significant amount of time—approximately 25 minutes. They further allege that the screening is mandatory for all employees. These allegations, however, do not demonstrate that the security process is integral and indispensable to their principal activities as warehouse employees fulfilling online purchase orders. Instead, these allegations fall squarely into a non-compensable category of postliminary activities such as checking in and out and waiting in line to do so and "waiting in line to receive pay checks," 29 C.F.R. § 790.7(g), because Plaintiffs could perform their warehouse jobs without such daily security screenings. Plaintiffs therefore fail to state a valid claim that the security screens were a part of their regular work. The weight of authority concerning preliminary and postliminary security screenings supports this conclusion.[2] These cases pose difficult hurdles for a

---

[2] *See, e.g.*, *Gorman v. The Consolidated Edison Corp.*, 488 F.3d 586, 592–93 (2d. Cir. 2007) (holding that while security procedures including "waiting in line and passing through a radiation detector, x-ray machine, and explosive metal detector" were necessary because they served an "essential purpose of security," they were not "integral" to the nuclear power station's employees principal activities); *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340,1345 (11th Cir. 2007) (concluding that time spent going through airport security to report to work was not compensable under the FLSA); *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 364 n. 5 (3d Cir. 2007); *Sleiman v. DHL Express*, 2009 WL 1152187, at *4 (E.D. Pa. 2009) (collecting cases and concluding that a security screening was "not compensable under the FLSA").

AO 72
(Rev. 8/82)

plaintiff to overcome because the necessity of the security screenings in those cases was great, yet it was still not integral and indispensable to the principal activities of employment. Accordingly, the Court dismisses Plaintiffs' claims with respect to security screening.

### b.  Meal Period

Under FSLA regulations, an "employee must be completely relieved from duty for the purpose of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period." 29 C.F.R. § 785.19(a). "Bona fide meal periods are not work time," *Id.*; and are therefore excluded from compensable work time under the FLSA. *See* 29 C.F.R. § 785.18. However, if an employee is required to perform any duties while eating, he is not "completely relieved from duty" and the time should be considered "hours worked" for purposes of calculating overtime. *Id.*; *see also Marshall v. Valhalla Inn*, 590 F.2d 306, 308 (9th Cir. 1979).

The parties disagree with respect to which test the Ninth Circuit employs to determine whether a meal period is "bona fide." Integrity urges the Court to follow the "predominant benefit test," which examines whether the meal time is spent primarily for the employer's or employee's benefit. *See, e.g.*, *Nelson v. Waste Mgmt. of Alameda County, Inc.*, No. C 99-0120 SI, 2000 WL 868523, at * 3 (N.D. Cal. June 19, 2000). Plaintiffs, however, assert that the proper test is the "completely relieved from duty" standard, *Brennan v. Elmer's Disposal Service, Inc.*, 510 F.2d 84, 88 (9th Cir. 1975), under which an employee cannot be subject to "significant affirmative responsibilities" during his meal period. *Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1477 (11th Cir. 1990).[3] In *Brennan*, the Ninth Circuit held that "[a]n employee cannot be docked for lunch breaks during which he is required to continue with any duties related to his work." *Brennan*, 510 F.2d at 88. In other words, the "essential consideration" is whether an

---

[3] The Ninth Circuit has not directly addressed either test since deciding *Brennan* except for a brief reference in *Alvarez v. IBP, Inc*, 339 F.3d 894, *aff'd*, 543 U.S. 1144 (2005), wherein the court compared the two FLSA-based standards with Washington's administrative code governing 30-minute meal breaks. *Id.* at 913; *see also Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1306–07 n.4 (N.D. Ala. 2008) (examining the circuit split between the two tests and concluding that the Ninth and Eleventh Circuits still employ the "completely relieved from duty" standard).

8

employee is "in fact relieved from work for the purpose of eating a regularly scheduled meal." *Kohlheim*, 915 F.2d at 1477.

The Court finds that Plaintiffs have failed to state a valid claim under either standard. Integrity argues that Plaintiffs' allegation that it did not provide a bona fide, 30-minute meal period are insufficient under the Act because they were not expected—nor was it possible—to perform any duty during that time. Plaintiffs allege they were not free from the employer's control because they were required to walk long distances to clock in and out during their 30-minute meal period. They further allege that they were not relieved from their duties because the time spent walking to the remote cafeteria meant they only received a 20-minute uninterrupted meal period. In the Court's view, these allegations are inadequate because 29 C.F.R. § 785.19 does not require an uninterrupted meal period to be free of an employer's control, only free of employment duties. Plaintiffs have not alleged that they performed any duty related to their job as warehouse workers either during the walk or once they arrived at the cafeteria. Thus, Plaintiffs did not allege they performed a significant affirmative responsibility while on their meal breaks. The Court therefore finds that Plaintiffs' allegations fail to state a valid claim with respect to meal periods.

### c. The *De Minimis* Rule

In the alternative, the Court finds that Plaintiffs' allegations related to shortened meal periods would easily fall under the "*de minimis* rule," which moderates an employer's obligation to pay for an employee's efforts. *Rutti*, 596 F.3d at 1056. In determining whether otherwise compensable time is *de minimis*, a court will consider: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Id.* at 1057. This test reflects "a balance between requiring an employer to pay for activities it requires of its employees and the need to avoid 'split-second absurdities' that 'are not justified by the actuality of the working conditions'." *Id.* (quoting *Lindow*, 738 F.2d at 1062). Although it has not adopted a categorical ten or fifteen minute bright-

line approach to the *de minimis* rule, the Ninth Circuit has noted that "most courts have found daily periods of approximately 10 minutes *de minimis* even though otherwise compensable." *Id.* at 1058 (citation excluded).

Plaintiffs claim that they "were required to spend up to 10 minutes per day during their meal period walking to and from the cafeteria and/or undergoing security clearances." (Dkt. #11, Am. Compl. ¶ 11.) In addition, Plaintiffs spent "a significant amount of time walking from one end of the facility to another" throughout the work day. (*Id.* ¶ 13.) As the Court previously explained, the Act excludes activities such as walking to and from the place of performance of the principle activities from compensable wages under the FLSA. 29 U.S.C. § 254(a). Thus, on its face, the two five-minute walks were not compensable.

Nevertheless, taking Plaintiffs allegations as true, the Court concludes that the two five-minute walks per day were *de minimis* because recording such time would pose a practical administrative difficulty to record each warehouse employee's time spent walking. This is particularly true because employees spent their work days traversing the entire warehouse. Thus, Plaintiffs may have spent little or no time walking to and from the time-keeping system on certain days if they happened to be next to the system when their meal period began. Further bolstering this conclusion, Plaintiffs do not allege they walked 10 minutes during *each* day's meal period; therefore, regularity in this activity cannot be concluded. Although the Court cannot say that 10 minutes per day is a split-second absurdity, Ninth Circuit precedent and the actualities of working conditions in this case compel a finding that this time is *de minimis* and non-compensable.

### 5. Private Right of Action to Recoup Unpaid Wages

NRS §§ 608.018 and 608.019 state that an employee must be compensated for overtime worked and be provided meal and rest periods. Although there is no private right of action expressly stated in these two statutes, NRS § 608.140 provides a private right of action to recoup unpaid wage violations when stating that other fees may be added in addition to the amount due for unpaid wages. Furthermore, the Nevada Supreme Court has recognized that NRS

§ 608.140 contains an express civil remedy in the form of a civil action by employees to recoup unpaid wages. *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 104 (Nev. 2008).

Integrity argues that there is no private right of action under NRS §§ 608.018 and 608.019 for Plaintiffs to recoup unpaid wages. In essence, Integrity argues that overtime pay is not wages but it is special compensation for work in excess of 40 hours per week. Integrity urges the Court to follow an unpublished decision in this District, *Lucas v. Bell Trans*, No. 2:08-cv-01792-RCJ-RJJ, 2009 WL 2424557 (D. Nev. June 24, 2009), which seemingly supports Integrity's argument by stating that a private right of action for unpaid wages "does not extend to minimum wages or overtime compensation." *Id.* at *5. However, Integrity fails to recognize that the circumstances in *Lucas* were quite different than the case at bar because its plaintiffs were limousine drivers who were subject to a statutory exclusion from overtime pay. *Id.* at *8. The *Lucas* court did not conclude that unpaid overtime pay is not unpaid wages for which NRS § 608.140 provides a private right of action. *Buenaventura v. Champion Drywall, Inc.*, 2011 WL 1071760, at *3–4 (D. Nev. Mar. 21, 2011) (discussing *Lucas* and concluding that a plaintiff may pursue a claim to enforce NRS § 608.018 for unpaid overtime either directly or via NRS § 608.140). Therefore, Integrity's argument fails.

The Court finds that Plaintiffs correctly use NRS § 608.140 as the private right of action to recoup unpaid wages period under NRS §§ 608.018 and 608.019. Nevertheless, Plaintiffs have failed to allege fact scenarios that would support a valid claim under these Nevada statutes. Their entire amended complaint relates to the security clearance and shortened meal periods. Since the predicate to Plaintiffs' claims for violation of NRS §§ 608.018 and 608.019 has failed, these claims are legal conclusions that do not permit the court to infer more than the mere possibility of misconduct. *See Iqbal*, 129 S. Ct. at 1949. Accordingly, Plaintiffs have failed to state sufficient facts to proceed with their claims under NRS §§ 608.018 and 608.019.

///

///

### 6. NRS § 608.030

NRS §§ 608.020 and 608.030 address the timing for payment of unpaid wages to former employees. Plaintiffs allege that Integrity failed to pay them and members of the proposed class their unpaid wages within the time set forth in these statutes. Conversely, Integrity asserts that Plaintiffs do not set forth a claim under Nevada state law because their FLSA claims for security clearance and shortened meal periods fail as a matter of law. Although Integrity's conclusion would not be true in every instance, here, Plaintiffs have failed to allege fact scenarios other than the security clearance and shortened meal periods that would support a valid claim under NRS § 608.030. Thus, as previously explained, the remainder of Plaintiffs' state law labor claims are legal conclusions that do not permit the Court find that their allegations rise above the speculative level. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiffs have failed to state a claim under NRS § 608.030 and the Court grants Integrity's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#16) is GRANTED in its entirety. The Clerk of the Court is directed to close this case.

Dated: July 19, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)