# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| **JESSE BUSK and LAURIE CASTRO,** Plaintiffs, vs. **INTEGRITY STAFFING SOLUTIONS, INC.,** Defendant. | 2:10-cv-1854-RLH-NJK **ORDER** Defendants' Motion to Stay All Proceedings for 180 Days (#45) |

Before the Court is Defendants' Motion to Stay All Proceedings (#45) filed on August 23, 2013. The Court has considered Defendant's Motion (#45), Plaintiffs' Opposition (#48), and Defendant's Reply (#49). The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2.

## BACKGROUND

On December 15, 2010, Plaintiffs filed an Amended Complaint alleging that Defendant Integrity Staffing Solutions, Inc., violated several state and federal statutes by withholding wages from Plaintiffs and other Integrity employees whom Plaintiffs alleges are a class of similarly situated individuals. *See* Amended Complaint, Docket No. 11. Defendant moved to dismiss the Amended Complaint and January 18, 2011. *See* Motion to Dismiss, Docket No. 16. Thereafter, on July 19, 2011, the Court granted Defendant's Motion to Dismiss and directed the Clerk to close this case. *See* Order Granting Motion to Dismiss, Docket No. 20.

On August 5, 2011, Plaintiffs appealed the Court's Order Granting the Motion to Dismiss to the Ninth Circuit. *See* Notice of Appeal, Docket No. 21. The Ninth Circuit issued its decision on April 12, 2013, affirming in part, reversing in part and remanding in part the Court's Order. *See* Opinion of United States Court of Appeals, Ninth Circuit, Docket No. 24. Specifically, the Ninth Circuit held that time spent proceeding through mandatory security screenings, meant to prevent employee theft, is compensable under the Fair Labor Standards Act. *Id*.

In response to that decision, Plaintiffs filed a Second Amended Complaint. *See* Second Amended Complaint, Docket No. 47. The Second Amended Complaint adds Amazon.com as a defendant, adds three named plaintiffs and four new causes of action, and seeks to certify classes in Arizona, Pennsylvania, South Carolina, and a nationwide collective class action under the FLSA. *Id*.

Defendant, also in response to the Ninth Circuit's decision, retained the Bancroft PLLC law firm to petition the Supreme Court of the United States for writ of certiorari. *See* Motion to Stay, Docket No. 45, at 2. The petition is due to the Supreme Court on October 3, 2013. *Id*. According to Defendant, the Ninth Circuit's decision has created an inter-circuit split and a decision is needed to resolve the unsettled nature of the FLSA on this issue. *Id*.

Accordingly, in the present motion, Defendant requests a stay of proceedings pending a decision by the Supreme Court on whether to grant the petition, or for 180 days from the date it filed its motion, whichever is sooner. *Id*. Defendant estimates that such a decision should be made within six months of its filing the present motion. *Id*. Plaintiffs have filed a limited opposition requesting a 90-day stay which would apply solely to discovery so that they may serve Amazon.com. Docket No. 48. Plaintiffs argue that they will be prejudiced by a 180-day stay of all proceedings because they will not be able to take "pre-discovery phase litigation steps" and thus "be prepared to commence discovery immediately following the Supreme Court's decision on Integrity's Writ." *Id*. at 5.

. . .

2

**DISCUSSION**

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

Here, Defendant argues that a stay will both promote judicial economy and allow the parties to avoid potentially unnecessary nationwide discovery costs. Docket No. 45, at 2. The Court agrees.

Plaintiffs are seeking to pursue a class action which will include nationwide discovery costs and legal fees and ultimately be very costly and burdensome for Defendant. However, the Supreme Court's decision on Defendant's Writ could drastically alter the parties' litigation focus and, indeed, the case itsel. Therefore, forcing Defendant, and Plaintiffs for that matter, to proceed prior to a decision on Defendant's Writ, risks wasting a substantial amount of resources on a case that may never go forward in its current form. Requiring the parties to incur such costs would be both pointless and prejudicial. Additionally, waiting six months to determine whether Defendant's petition will be granted will greatly simplify this case because the parties will be certain as to what law applies. Therefore, regardless of how the Supreme Court decides, once the parties have their answer they will know how to move forward and eventually reach a resolution in this case.

The Court finds that it is in the interest of both parties, as well as the Court, to stay this case pending a decision by the Supreme Court on whether to grant the petition, or for 180 days from the date Defendant filed its motion, whichever is sooner.

# CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that the Defendants' Motion to Stay All Proceedings (#45) is **GRANTED.**

IT IS FURTHER ORDERED that this case is hereby stayed until February 19, 2014, or, should the Supreme Court deny Defendant's petition, immediately thereafter, whichever is sooner. The parties are to file notice with the Court within 7 days of the lifting of the stay.

DATED this  5th  day of September, 2013.

NANCY J. KOPPE
United States Magistrate Judge