UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: AMAZON.COM, INC.,
FULFILLMENT CENTER FAIR LABOR　　　　　Master File No. 3:14-md-2504
STANDARDS ACT (FLSA) AND　　　　　　　　MDL Docket No. 2504
WAGE AND HOUR LITIGATION

THIS DOCUMENT RELATES TO:
*Busk v. Integrity Staffing Solutions, Inc.*,　　　Case No. 3:14-cv-139-DJH

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The plaintiffs in this purported class action allege that they were unlawfully denied compensation for time they spent waiting in line to undergo mandatory security checks at their places of employment. After the United States Supreme Court held that they could not recover under the Fair Labor Standards Act, the plaintiffs amended their complaint to assert only state-law claims. (Docket No. 91) Defendants Integrity Staffing Solutions, Inc. and Amazon.com, Inc. now seek dismissal of those claims, arguing that the plaintiffs have failed to state a plausible claim for relief under Nevada or Arizona law. (D.N. 97, 98) The Court agrees and will therefore grant the motions to dismiss.

I.　　BACKGROUND

This action was filed in the District of Nevada in October 2010. (D.N. 1) That court dismissed the plaintiffs' first amended complaint for failure to state a claim, agreeing with Integrity Staffing Solutions (which was then the only defendant) that time spent going through security screenings or walking to and from lunch was not compensable work time under the Fair Labor Standards Act. (D.N. 20, PageID # 215-17) As to the plaintiffs' claims under Nevada law for unpaid wages arising from the security checks and shortened meal periods, the Nevada

1

district court found that the plaintiffs properly asserted a private cause of action under Nevada Revised Statutes § 608.140 but failed to allege sufficient facts to support their claim. (*See id.*, PageID # 219)

The plaintiffs appealed to the Ninth Circuit, which affirmed the dismissal of the meal-period claims but reversed as to the security-check claims. *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525 (9th Cir. 2013). The Supreme Court disagreed, holding that the time related to the security checks was not compensable under the FLSA. *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014). Specifically, the Court found that the security screenings were "noncompensable postliminary activities" under the Portal-to-Portal Act, 29 U.S.C. § 254(a)(2). *Busk*, 135 S. Ct. at 518. Following that decision, the plaintiffs again amended their complaint. The third amended complaint asserts claims under Nevada and Arizona law for unpaid wages and overtime, as well as minimum-wage violations. (D.N. 91, PageID # 1020-26) The defendants seek dismissal of all four claims. (*See* D.N. 97, 98)

## II. ANALYSIS

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679.

### A. Nevada Plaintiffs

#### 1. Statutory Claims

Integrity and Amazon primarily assert that there is no private cause of action for recovery of unpaid wages under Nevada law. (*See* D.N. 97-1, PageID # 1064-65; D.N. 98-1, PageID # 1090-1100) According to the plaintiffs, this argument is barred by the law of the case. They point to the District of Nevada's previous determination that a private cause of action for unpaid wages exists under § 608.140, and they contend that this Court may not reconsider the issue. (D.N. 99, PageID # 1137-38; *see* D.N. 20, PageID # 219) The Court disagrees.

The law-of-the-case doctrine provides that "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) (quoting *Dixie Fuel Co., LLC v. Dir., Office of Workers' Comp. Programs*, 820 F.3d 833, 843 (6th Cir. 2016)). It "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstances, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). The Court finds that extraordinary circumstances exist here.

First, the District of Nevada appears not to have considered whether the private right of action provided by § 608.140 applies only to claims based on employment contracts, as the

defendants argue here. (*See* D.N. 20, PageID # 218-19; D.N. 97-1, PageID # 1064-66; D.N. 98-1, PageID # 1090-91) Second, the bulk of authority since the District of Nevada's July 19, 2011 decision supports the defendants' position. *See, e.g.*, *Sargent v. HG Staffing, LLC*, No. 3:13-CV-00453-LRH-WGC, 2016 U.S. Dist. LEXIS 5621, at *12-*14 (D. Nev. Jan. 12, 2016); *Johnson v. Pink Spot Vapors Inc.*, No. 2:14-CV-1960 JCM (GWF), 2015 U.S. Dist. LEXIS 13499, at *12-*15 (D. Nev. Feb. 3, 2015); *Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-cv-01820-JAD-NJK, 2014 U.S. Dist. LEXIS 103874, at *4-*13 (D. Nev. July 30, 2014); *Descutner v. Newmont U.S.A. Ltd.*, No. 3:12-cv-00371-RCJ-VPC, 2012 U.S. Dist. LEXIS 156656, at *5-*15 (D. Nev. Nov. 1, 2012). While these decisions are not binding, they represent the considered opinions of no fewer than four District of Nevada judges as to how the Nevada Supreme Court would rule on the issue, and the Court agrees with their reasoning.[1]

Finally, Amazon did not become a defendant in this case until more than two years after the Nevada court's decision. (*See* D.N. 20, 47) It thus should not be barred from relying on what is now the majority rule. *See* 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478.5 (2d ed. 2016) ("[A] party joined in in action after a ruling has been made should be free to reargue the matter without the constraints of law-of-the-case analysis."). And it would be unjust to deny dismissal to Integrity on law-of-the-case grounds while dismissing the claims against Amazon on the ground that no private right of action exists. In sum, given the significant shift in precedent since the prior decision and the addition of Amazon as a defendant, the Court finds that "extraordinary circumstances" warrant reconsideration of—and deviation from—that decision. *Christianson*, 486 U.S. at 817. For the

---

[1] The plaintiffs cite several District of Nevada cases holding that § 608.140 does create a private right of action for violations of Nevada labor statutes (*see* D.N. 99, PageID # 1139-40); however, only two of those decisions were issued after Judge Hunt's order in this case, and one of those two was an oral ruling. (*See id.*)

4

reasons explained in *Descutner*, *Cardoza*, and similar cases, the Court concludes that no private right of action exists for violations of Nevada Revised Statutes §§ 608.005-.195 in the absence of a contractual claim.[2] *See Sargent*, 2016 U.S. Dist. LEXIS 5621, at *12-*14 (collecting cases); *Sheffer v. US Airways, Inc.*, 107 F. Supp. 3d 1074, 1077-78 (D. Nev. 2015); *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1219 (D. Nev. 2013). As the Nevada plaintiffs do not allege that they had employment contracts with Integrity or Amazon, their claims under Nev. Rev. Stat. §§ 608.020-050, .016, .018, and .140 are not viable.

Even if a private right of action existed, the Nevada plaintiffs' claims would fail because the plaintiffs are not owed wages for time related to the security screenings. In deciding wage-and-hour issues, Nevada courts look to federal law unless the state statutory language is "materially different" from or inconsistent with federal law. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 900-01 (9th Cir. 2013); *see Terry v. Sapphire Gentlemen's Club*, 336 P.3d 951, 955-56 (Nev. 2014). The Nevada Supreme Court "has signaled its willingness to part ways with the FLSA where the language of Nevada's statutes has so required," *Terry*, 336 P.3d at 955-56, but there is no statutory language requiring such a departure here. Indeed, the Nevada Supreme Court, in a recent unpublished decision, "turn[ed] to the federal courts' interpretation of hours worked under the federal Fair Labor Standards Act" after finding "little guidance" in Nevada law on this issue. *Rite of Passage v. Nevada*, No. 66388, 2015 Nev. Unpub. LEXIS 1561, at *3 (Nev. Dec. 23, 2015) (citing *Terry*, 336 P.3d 951). And Judge Hunt—whose private-right-of-action conclusion the plaintiffs are eager to make binding—dismissed their state-law claims on

---

[2] One of the statutes relied on by the plaintiffs expressly states that when an employer fails to pay discharged employees "the amount of any wages or salary at the time the same becomes due and owing to them *under their contract of employment*, . . . each of the employees may charge and collect wages in the sum *agreed upon in the contract of employment* for each day the employer is in default." Nev. Rev. Stat. § 608.050(1) (emphasis added).

the ground that the security screenings and meal travel time were not compensable under the FLSA. (*See* D.N. 20, PageID # 219-20)

The plaintiffs do not identify any Nevada law that is irreconcilable with the Portal-to-Portal Act.[3] Instead, they cite Nevada statutes containing explicit references to federal regulations as evidence that "the Nevada Legislature is very capable of including references to federal regulations when it intends to do so." (D.N. 99, PageID # 1132) They also cite a Nevada statute imposing an eight-hour workday for mineworkers, Nev. Rev. Stat. § 608.200, which they contend shows that the Portal-to-Portal Act is inapplicable under Nevada law. (D.N. 99, PageID # 1132) Specifically, they point to the statute's provision that "[t]he 8-hour limit applies only to time actually employed in the mine and does not include time consumed for meals or travel into or out of the actual work site." Nev. Rev. Stat. § 608.200(1). In the plaintiffs' view, this provision would have been unnecessary if the Portal-to-Portal Act were otherwise applicable. (D.N. 99, PageID # 1133)

The Court agrees with the defendants that § 608.200, which is specific to the mining industry and does not pertain to overtime or minimum wage, is of little relevance here. (*See* D.N. 100, PageID # 1232) In fact, as Amazon and Integrity observe, the statute may undermine the plaintiffs' position by indicating that meal and travel time are not considered "time actually employed." (*Id.*, PageID # 1233)

Finally, the plaintiffs cite cases from California and Washington to show that "[c]ourts in other states . . . have rejected the argument that state wage and hour law should follow the

---

[3] Not cited by either side is Nevada Administrative Code § 608.130, which provides that "travel . . . between the home of the employee and the place of work of the employee" does not constitute compensable "time worked." While this regulation appears to embrace at least part of the Portal-to-Portal Act, *cf.* 29 U.S.C. § 254(a), the Court finds it to be of minimal significance given the narrow focus of most administrative regulations and the legislature's apparently limited involvement in the rulemaking process. *See* Nev. Rev. Stat. § 233B.040.

federal limit on compensable time." (D.N. 99, PageID # 1133; *see id.*, PageID # 1133-34 (citing *Morillion v. Royal Packing Co.*, 995 P.2d 139 (Cal. 2000); *Anderson v. Dep't of Soc. & Health Servs.*, 63 P.3d 134, 136 (Wash. Ct. App. 2003))) But as the defendants note, the Northern District of California, applying *Morillion*, recently held that security-screening time is not compensable under California law, *see Frlekin v. Apple Inc.*, No. C 13-03451 WHA, 2015 U.S. Dist. LEXIS 151937 (N.D. Cal. Nov. 2015), and the court in *Anderson*, while declining to hold that the Washington legislature had adopted the Portal-to-Portal Act, found it "unnecessary" to decide that question. 63 P.3d at 136. These cases thus add little to the plaintiffs' argument.

In sum, the Court sees no indication that Nevada courts would reject the Supreme Court's reasoning as to whether time spent on security screenings is compensable. There is no material difference between Nevada statutes and the FLSA on this point, and Nevada courts look to federal wage-and-hour law where state precedent is lacking. *See Rite of Passage*, 2015 Nev. Unpub. LEXIS 1561, at *3. Thus, regardless of whether a private right of action is available, the Nevada plaintiffs have failed to state a plausible claim for relief with respect to overtime or unpaid wages.

### 2. Claim under Nevada Constitution

This leaves the plaintiffs' claim under the Nevada Constitution, which the defendants do not directly address. Article 15, section 16 of the Nevada Constitution, known as the Minimum Wage Amendment, provides that "[e]ach employer shall pay a wage to each employee of not less than the hourly rates set forth in" the Amendment and that "[a]n employee claiming violation of" the Amendment "may bring an action against his or her employer" to enforce it.

As the Court has just explained, the security screenings are not compensable under the FLSA and, by extension, Nevada law. The plaintiffs thus are not owed wages of any kind for

7

time related to the screenings. Their minimum-wage claim fails for an additional reason, however. Under the FLSA, "the workweek as a whole, not each individual hour within the workweek, determines whether an employer has complied with" the minimum-wage requirement; "no minimum wage violation occurs so long as the employer's total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the minimum wage rate." *Richardson v. Mountain Range Restaurants LLC*, No. CV-14-1370-PHX-SMM, 2015 U.S. Dist. LEXIS 35008, at *13-*14 (D. Ariz. Mar. 20, 2015). Because the plaintiffs do not allege that they were paid below the minimum wage during any particular workweek, Integrity and Amazon argue, they fail to state a plausible minimum-wage claim. (D.N. 97-1, PageID # 1065; D.N. 98-1, PageID # 1101-08)

The plaintiffs insist that there are crucial differences between Nevada law and the FLSA. Specifically, they argue that Nevada imposes no workweek standard but instead evaluates minimum-wage claims on a per-hour basis. (D.N. 99, PageID # 1154) In support, they cite the Minimum Wage Amendment's reference to payment of "hourly rates."[4] (*Id.*) They further assert that Nevada Administrative Code § 608.115 "prohibit[s] an employer from calculating the minimum wage requirement on a workweek basis." (*Id.*) Neither argument is persuasive.

First, the FLSA, like the Minimum Wage Amendment, imposes an hourly wage requirement. *See* 29 U.S.C. § 206(a). There thus is no material difference in terminology suggesting that Nevada's minimum-wage law would not be interpreted in accordance with FLSA precedent. *See Terry*, 336 P.3d at 956. And although § 206 "speaks of an hourly wage, an employer's failure to compensate an employee for particular hours worked does not necessarily

---

[4] The plaintiffs also cite Nev. Rev. Stat. § 608.016's provision that an employer "pay to the employee wages for each *hour* the employee works." (D.N. 99, PageID # 1154) As explained above, however, they cannot pursue a claim for violation of § 608.016. *See supra* Part II.A.1.

8

violate the minimum wage provision," because violations are measured by workweek. *Richardson*, 2015 U.S. Dist. LEXIS 35008, at *13 (citing *Dove v. Coupe*, 759 F.2d 167, 171 (D.C. Cir. 1985)).

Nor does the Nevada Administrative Code support the plaintiffs' position. Section 608.115 provides, in relevant part:

> 1.  An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee.
>
> 2.  If an employer pays an employee by salary, piece rate or any other wage rate except for a wage rate based on an hour of time, the employer shall pay an amount that is at least equal to the minimum wage when the amount paid to an employee in a pay period is divided by the number of hours worked by the employee during the pay period.

Nev. Admin. Code § 608.115. According to the plaintiffs, the phrase "any other wage rate except for a wage rate based on an hour of time" means that hourly employees are exempt from the workweek standard. (*See* D.N. 99, PageID # 1154-55) But the regulation is more logically read as simply providing an hourly wage measurement for non-hourly employees—it is immediately obvious whether an hourly employee's pay satisfies minimum-wage requirements; the same determination requires some math for an employee not paid by the hour. Section 608.115(2) provides the formula for that calculation. In short, the Court does not read the regulation as excluding hourly employees from the workweek standard, as the plaintiffs contend. Thus, even if time spent waiting for or undergoing security screenings were compensable under Nevada law, the Nevada plaintiffs' minimum-wage claim would fail because they do not allege that there was a week for which they were paid less than minimum wage. *See Richardson*, 2015 U.S. Dist. LEXIS 35008, at *13-*14.

B.  **Arizona Plaintiffs**

The Arizona plaintiffs' claims fail for similar reasons. (*See* D.N. 91, PageID # 1023-26) At the outset, the Court notes that although the complaint demands payment of "wages at the applicable regular or overtime rate" (D.N. 91, PageID # 1025), there is no mechanism for recovery of overtime pay under Arizona law. *Reyes v. Lafarga*, No. CV-11-1998-PHX-SMM, 2013 U.S. Dist. LEXIS 192798, at *3 (D. Ariz. Nov. 20, 2013) ("Arizona does not have an overtime law; consequently, the only overtime protections for Arizonan employees come from the FLSA."). The Court's discussion will therefore be limited to the Arizona plaintiffs' claims for minimum wage and unpaid wages. (*See* D.N. 91, PageID # 1024-26)

In support of their minimum-wage claim, the Arizona plaintiffs rely on an administrative regulation stating that "no less than the minimum wage shall be paid for all hours worked, regardless of the frequency of payment and regardless of whether the wage is paid on an hourly, salaried, commissioned, piece rate, or any other basis." Ariz. Admin. Code § R20-5-1206(A). The regulation continues: "If the combined wages of an employee are less than the applicable minimum wage for a work week, the employer shall pay monetary compensation already earned, and no less than the difference between the amounts earned and the minimum wage as required under the Act." Ariz. Admin. Code § R20-5-1206(B). Finally, subsection C states that "[t]he workweek is the basis for determining an employee's hourly wage." Ariz. Admin. Code § R20-5-1206(C).

Contrary to the plaintiffs' assertion, nothing suggests that these latter provisions apply only to non-hourly workers. (*See* D.N. 99, PageID # 1155-56) And the reference to "all hours worked" does not materially distinguish the Arizona rule from the FLSA minimum-wage

provision, which—as discussed above—also sets an hourly wage requirement and follows the workweek standard. *See supra* Part II.A.2.

The Industrial Commission of Arizona, which is charged with enforcing and implementing Arizona's minimum-wage statute, has declared that in interpreting the term "hours worked," the agency "will be guided by and rely upon" FLSA regulations so long as the state's own regulations do not conflict. *Substantive Policy Statement Regarding Interpretation of "Hours Worked" for Purposes of the Arizona Minimum Wage Act* (Aug. 16, 2007), https://www.azica.gov/labor-substantive-policy-hours-worked. The FLSA regulations, found at 29 C.F.R. §§ 785.1-.50, incorporate and interpret the Portal-to-Portal Act. *See, e.g.*, 29 C.F.R. §§ 785.24 (discussing preliminary and postliminary activities), .50 (quoting Portal-to-Portal Act in its entirety).

The plaintiffs, however, insist that Arizona has adopted "an *anti* portal-to-portal act." (D.N. 99, PageID # 1135) The state's administrative code defines "hours worked" as "all hours for which an employee covered under the Act is employed and required to give to the employer, including all time during which an employee is on duty or at a prescribed work place and all time the employee is suffered or permitted to work." Ariz. Admin. Code § R20-5-1202(12). According to the Arizona plaintiffs, this definition, in combination with § R20-5-1206, means that employees are entitled to be paid for any time they are on the employer's premises, "regardless of whether the employee is even working." (D.N. 99, PageID # 1135) They maintain that the security checks occurred "at a prescribed work place" and that time related to the checks therefore constitutes "hours worked" for which they are entitled to be paid. (*See id.*)

The Court views this interpretation of the "hours worked" definition with some skepticism. As the defendants observe, the plaintiffs' reading would require compensation for,

11

say, riding the elevator to and from one's job on the twentieth floor of a building. (*See* D.N. 100, PageID # 1234) Such a reading is illogical, and the plaintiffs have offered no authority to support it.[5] Notably, the language of § R20-5-1202(12) tracks the Supreme Court's definition of "statutory workweek" in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), with a significant exception: that definition included "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place," *id.* at 690-91; the Arizona regulation, contrary to the plaintiffs' interpretation, does not mention time spent "on the employer's premises." *Id.*; *cf.* Ariz. Admin. Code § R20-5-1202(12). The Supreme Court's separate use of the two terms in *Anderson* indicates that "at a prescribed work place" and "on the employer's premises" are not equivalent in meaning.

The plaintiffs assert that Integrity and Amazon's view of Arizona law would lead to "absurd" results whereby an employer "could require employees to work without any compensation for hours so long as the hourly pay was sufficiently above the minimum wage to cover the unpaid hours worked." (D.N. 99, PageID # 1156) Yet the same is true of the FLSA's minimum-wage provision. *See* 29 U.S.C. § 206(a); *Richardson*, 2015 U.S. Dist. LEXIS 35008, at *13-*14. And though there is a dearth of precedent on this point, the District of Arizona has applied the workweek standard to claims under the Arizona Minimum Wage Act on at least one occasion. *See Wagner v. ABW Legacy Corp.*, No. CV-13-2245-PHX-JZB, 2016 U.S. Dist. LEXIS 29376, at *47-*48 (D. Ariz. Mar. 8, 2016) (finding "a genuine issue of material fact as to

---

[5] The Court acknowledges that the defendants likewise have little precedent in their favor; they merely offer a single decision from the Arizona Court of Appeals addressing an overtime statute not at issue here. (*See* D.N. 100, PageID # 1234 (citing *Prendergast v. City of Tempe*, 691 P.2d 726, 729 (Ariz. Ct. App. 1984))) However, their position makes more sense than that of the plaintiffs, whose interpretation assumes a broad definition of "prescribed work place" not found in the administrative code or supported by case law. *See Anderson*, 328 U.S. at 690-91. The Industrial Commission's embrace of FLSA regulations reinforces the Court's conclusion that Arizona courts would follow federal law on this point.

whether Defendant's internal reports determined whether Plaintiff was paid at least the minimum wage each week" and denying summary judgment to defendant on claims under Arizona Minimum Wage Act where evidence showed that "during the three pay periods identified, Plaintiff's gross pay divided by the number of hours worked equals an hourly rate less than the Arizona minimum wage in effect at the time"). In short, the plaintiffs have not demonstrated that they are entitled to compensation under Arizona law for time spent undergoing, or waiting to undergo, security screenings.

### III. CONCLUSION

The third amended complaint fails to state a plausible claim for relief under Nevada or Arizona law. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Amazon's motion to dismiss (D.N. 97) is **GRANTED**.

(2) Integrity's motion to dismiss (D.N. 98) is **GRANTED**.

(3) All claims having been resolved, this matter is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket. The motion for hearing (D.N. 101) and motion for status conference (D.N. 103) are **DENIED** as moot.

June 7, 2017

**David J. Hale, Judge**
**United States District Court**